LEMUEL WITHINGTON *vs.* JOHN WARREN.

ɪn an action for use and occupation of buildings, the plaintiff gave in evidence an award of arbitrators, by which it was decided that the defendant was indebted to him for rent of the same buildings at a former time, and also gave evidence that the defendant had ever since continued to occupy the buildings. *Held*, that the award was *prima facie* evidence, but not conclusive, that the defendant was the plaintiff's tenant during the time for which rent was awarded to him by the arbitrators.

ASSUMPSIT for the use and occupation of a house, barn and garden, from February 1841 to February 1845.

At the trial in the court of common pleas, before *Ward*, J the plaintiff was permitted (the defendant objecting) to introduce a copy of a submission and award, by which it appeared that a demand on the defendant, by the plaintiff, for rent of the same buildings and garden, for ten years next preceding February 1841, had been submitted to referees, and decided in favor of the plaintiff; and that the award had been accepted by the parties and performed. These papers were relied on by the plaintiff, to show that the relation of landlord and tenant existed between the parties; and after showing the continued occupation of the said buildings and garden,

Withington *v.* Warren.

by the defendant, up to the time of the commencement of this action, and the yearly value thereof, the plaintiff rested his case.

The defendant offered to show, in defence, that in 1819 the plaintiff was owner of said buildings and garden; that he, in that year, conveyed them in fee to his two daughters, as tenants in common; that they, by a lease or license, dated June 10th 1819, gave to the plaintiff and his wife a right to occupy the same during their lives; that the plaintiff and his wife, and said daughters, then resided on said premises, and continued to reside there till 1822, when one of said daughters was married to Jacob Bacon, and left the premises; that the plaintiff's wife died in 1828; that in 1831 the other daughter was married to the defendant, who then came and resided on the premises, with her and the plaintiff; that in 1831 said Bacon and his wife conveyed their interest in said premises to the defendant's wife, (before she was married,) for its full value, by a quitclaim deed; that the aforesaid lease or license, dated June 10th 1819, was not recorded till 1835; that in 1835 the plaintiff voluntarily left said premises, and went to reside elsewhere; that the defendant and his wife had remained on the premises up to the time of the trial; that the plaintiff never paid the taxes on the premises, as was provided in said lease or license that he should, either before or since said award; that the taxes thereon had been assessed upon and paid by the defendant, since 1831, and that the taxes were not taken into account by the referees who made said award.

It was admitted that there had been no change in the relative situation of the parties (unless the continued non-payment of taxes made a change) since the said submission and award; and there was no evidence that the defendant had ever renounced his tenancy.

The court ruled " that the evidence offered by the defendant was incompetent and insufficient to meet the plaintiff's case; that the submission and award were conclusive evidence that the relation of landlord and tenant existed between the

parties, during the term for which rent had been allowed by the referees ; that upon proof of a continued occupancy by the defendant since that time, a presumption was raised, that the same relation continued to exist ; that said presumption could not be rebutted by the facts offered in evidence by the defendant ; but that the defendant might rebut said presumption by proof of any fact occurring since the time covered by the award, and showing a change in the relation of the parties." A verdict was thereupon taken for the plaintiff, and the defendant alleged exceptions to the rulings of the court.

*Hallett,* for the defendant. The award, giving the plaintiff rent to 1841, was not conclusive evidence of the relation of landlord and tenant between the parties. The present defendant entered in right of his wife, and not under the plaintiff. And when a defendant, who did not enter under the plaintiff or his grantors, is sued for rent, he may deny the plaintiff's title. See *Cobb* v. *Arnold,* 8 Met. 398. *Rogers* v. *Pitcher,* 6 Taunt. 202. *Williams* v. *Bartholomew,* 1 Bos. & Pul. 326. *Doe* v. *Powell,* 1 Adolph. & Ellis, 531. *Doe* v. *Francis,* 2 M. & Rob. 57. *City of Boston* v. *Binney,* 11 Pick. 1. *Catlin* v. *Kidder,* 7 Verm. 12.

*J. J. Clarke,* for the plaintiff. The award was not merely evidence, but was conclusive of the fact, that the defendant was tenant of the plaintiff. It found that he was indebted to the plaintiff for rent. See *Homer* v. *Fish,* 1 Pick. 435. *Dunn* v. *Murray,* 9 Barn. & Cres. 780, and 4 Man. & Ryl. 571. *Doe* v. *Rosser,* 3 East, 15. *Price* v. *Hollis,* 1 M. & S. 105. 1 Stark. Ev. 212. 2 ib. 137. 3 ib. 1283. 1 Steph. N. P. 41.

The plaintiff's title cannot be contested by the defendant. 3 Steph. N. P. 2733. *Ward* v. *Mason,* 9 Price, 291. *Binney* v. *Chapman,* 5 Pick. 124. *Cobb* v. *Arnold,* 8 Met. 398. *Merwin* v. *Camp,* 3 Connect. 35. *Den* v. *Alexander,* 4 Dev. & Bat. 40.

DEWEY, J. The plaintiff insists that the submission and award were conclusive evidence that the relation of landlord and tenant existed between the parties during the term for

which rent had been allowed by the award.   He relies upon the principle that a matter of controversy, which has been once judicially settled by a competent tribunal, cannot be again drawn in question.   The principle is abstractly correct; but the difficulty arises as to its proper application here.   The party, who objects to the giving of such effect to the award, does not, in this proceeding, attempt to reverse or annul that judgment, or to recover back money that was paid upon such judgment, as was the case in *Homer* v. *Fish*, 1 Pick. 435, cited by the plaintiff.   The liability of the party to pay rent, during the term allowed by the referees, is fully conceded and unquestioned.   The present claim is for another and distinct period, subsequent to that covered by the award.   He may give full force and effect to this award, and hold it conclusive as to the liability of the party during that period, without sanctioning the further principle that it is conclusive evidence that the relation of landlord and tenant existed between these parties, when such question arises, in reference to another and independent claim, and one which does not seek to disturb the recovery in the former case.

The court are of opinion that this award was not conclusive, except as to the matter embraced in the submission; which was the liability of the party to pay rent for a period anterior to that now claimed.   The award may be used as *prima facie* evidence that the relation of landlord and tenant existed during that period; but it is competent for the plaintiff, in reference to the present demand, to prove that he never was tenant to the plaintiff.   The award is *not conclusive* on that point.   And to this extent the ruling was wrong, and a new trial must be had.